**EXHIBIT C**



30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

H. JEFFREY SCHWARTZ

h.jeffrey.schwartz@dechert.com
+1 212 698 3545 Direct
+1 212 698 3599 Fax

May 4, 2006

Bayou Group, LLC, Bayou Management,
LLC, Bayou Securities, LLC, Bayou
Advisors, LLC, Bayou Equities, LLC,
Bayou Fund, LLC, Bayou Superfund, LLC,
Bayou No Leverage Fund, LLC, Bayou
Affiliates Fund, LLC, and Bayou
Accredited Fund, LLC
c/o Jeff J. Marwil, Esq.
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Re: Representation of the Bayou Entities

Dear Jeff:

Thank you for selecting our firm to provide legal services to Bayou Group, LLC, Bayou Management, LLC, Bayou Securities, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, and Bayou Accredited Fund, LLC (collectively, the Bayou Entities") in connection with the above-referenced project. Please excuse the formality, but we have found it helpful at the beginning of an engagement to set forth our expectations regarding billing and our understanding of the scope of our representation and the services you expect us to perform.

Our understanding is that you will look to us to serve as general counsel, including as bankruptcy counsel in the event the Bayou Entities decide to file bankruptcy petitions. The services to be provided by us in connection with the representation will encompass all services normally and reasonably associated with this type of representation, consistent with our ethical obligations. Our acceptance of this representation does not involve undertaking to represent the Bayou Entities in any other matter. As legal counsel, we are not in a position to provide financial advice, and the Bayou Entities are not retaining us for that purpose.

While this letter is intended to deal with the specific legal services described above, these terms and conditions will also apply to any additional legal services that we may subsequently agree to provide that are outside the initial scope of our representation, unless otherwise specified in writing.



Unless we agree otherwise, our statements will be rendered monthly. Our fees will be based primarily upon hourly rates which the firm establishes for each member of our staff who provides legal services to clients. Our present hourly rates for the lawyers working on this matter range from $235 to $750; and the rates for non-lawyer personnel who may work on this matter range from $100 to $195. These rates are subject to periodic adjustment by the firm, based on factors such as increased costs affecting our practice, the market, and enhanced expertise and experience of the lawyers and other personnel working on the matter, and the adjusted rates will apply to all services performed thereafter.

Other factors may be considered in determining our fees, including the novelty and difficulty of the representation; time limits imposed by the circumstances; the extent to which the representation requires us to forgo other professional opportunities; the amount involved and the results obtained; and any other factors relevant under applicable professional standards. However, these factors will not result in fees exceeding those based on our hourly rates without prior discussion with you.

Statements will include itemized charges for expenses and services such as filing fees, duplicating, messenger and delivery services, overnight mail, toll telephone, travel, staff overtime (with your permission), and computerized legal research. You authorize us to incur all such costs as are reasonable and necessary to our representation. Please note that there are often unavoidable delays in reporting disbursements and other charges, and not all such charges will be billed at the same time as the related legal services.

Our statements are due and payable upon receipt of the invoice or such later date as we may mutually agree. Any objection to the invoice must be brought to our attention within 60 days of the invoice date, and payment of the invoice will reflect your agreement to the amount charged on that invoice. For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month (or such lower rate as required by applicable law).

We have found that one advantage of monthly billing is that it enables clients to monitor on a current basis the cost effectiveness of the services being rendered. If at any time you wish to discuss the scope of our representation, or the level of our activity, or any other aspect of our work or billing for it, please let me know.

In the event the Bayou Entities decide to file for Chapter 11 bankruptcy protection, post-petition fees, charges, and disbursements will be due and payable immediately upon entry of a court order approving such fees or at such time thereafter as instructed by the court, it being agreed and understood that the unused portion of any retainer (as may be supplemented from time to time) shall be held by us and applied against the final fee application filed and approved by the court. The Bayou Entities understand that while the arrangement in this paragraph may be altered in



whole or part by the court, the Bayou Entities shall nonetheless remain liable for the payment of court-approved postpetition fees and expenses, and that such fess and expenses are afforded administrative priority under Bankruptcy Code § 503(b)(1).

Outside of bankruptcy, any controversy, dispute, or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or any other aspect of our representation may be resolved through binding arbitration to take place in New York, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Pursuant to applicable rules of court, you may have the right as a client to initiate an arbitration proceeding to resolve any fee dispute in a civil matter where the amount at issue is between $1,000 and $50,000.

As we have discussed, Dechert is currently representing National Financial Partners in connection with the Order of Forfeiture, *In the matter of: the Proceeds of Wachovia Corp. Direct Deposit Account Nos. 2000026084477, 200002609429, and 200002609326, in the name of Majestic Capital Management*, No. CV2005-008698 (Super. Ct. Ariz. Sept. 28, 2005). Our undertaking this representation will create a conflict of interest. Both the Bayou Entities and National Financial Partners have agreed to waive that conflict and to permit us to undertake this representation of the Bayou Entities.

The firm and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Bayou Entities in connection with matters unrelated to the our representation of the Bayou Entities pursuant to this engagement letter. We have not, do not, and will not represent any of these parties in matters relating to our representation of the Bayou Entities pursuant to this engagement letter. This letter will confirm our mutual agreement, however, that we may represent other present and future parties on matters other than those for which we have been or then are engaged by the Bayou Entities, whether or not on a basis adverse to the Bayou Entities, except in litigation directly against the Bayou Entities. Under such permitted circumstances, the Bayou Entities will not assert our representation of, or possession of confidential information regarding, the Bayou Entities as a basis for disqualifying us from representing such other parties, and agrees that such other representation does not constitute a breach of duty.

If the above does not reflect your understanding of the extent of our representation and the basis for our charges, please advise me promptly. We look forward to this engagement and offer our commitment to deliver effective, efficient service.



Please sign and return the enclosed duplicate original of this letter. Thank you.

Sincerely,

H. Jeffrey Schwartz
Partner

The terms of this letter are acceptable.

Bayou Group, LLC, Bayou Management, LLC, Bayou Securities, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, and Bayou Accredited Fund, LLC

By: _____, Receiver
Jeff J. Marwil,
in his capacity as Federal Equity Receiver
of the Bayou Entities