KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

*Proposed Conflicts Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :  Chapter 11
                                                             :
BAYOU GROUP, LLC, et al.,                                    :  Case No.: 06-22306 (ASH)
                                                             :
                    Debtors.                                 :  Jointly Administered
                                                             :
------------------------------------------------------------ X

**DECLARATION OF TRACY L. KLESTADT IN SUPPORT
OF APPLICATION AUTHORIZING RETENTION AND
EMPLOYMENT OF KLESTADT & WINTERS, LLP. AS CONFLICTS
COUNSEL TO THE DEBTORS AND STATEMENT OF
KLESTADT & WINTERS LLP
<u>PURSUANT TO FEDERAL BANKRUPTCY RULE 2014</u>**

Tracy L. Klestadt, pursuant to 28 U.S.C. § 1746, deposes and says as follows:

1. I am a partner of the law firm of Klestadt & Winters, LLP ("K&W") with an office for the practice of law at 292 Madison Avenue, 17th Floor, New York, New York 10017-6314. I am authorized to make this Declaration (the "Klestadt Declaration") on behalf of K&W. This Declaration is submitted pursuant to Fed. R. Bankr. P. 2014(a) in support of the Application of the Debtors and Debtors-in-Possession (the "Application") for Order Pursuant to 11 U.S.C. §§ 327(a) and 330 of the Bankruptcy Code Authorizing the Employment and Retention of K&W as Conflicts Counsel <u>nunc</u> <u>pro</u> <u>tunc</u> to August 25, 2006 for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

### Disinterestedness of Professionals

2. Insofar as I have been able to ascertain, K&W does not hold nor represents any interest adverse to the Debtors, their creditors, professionals, or any other party-in-interest, or their respective attorneys or professionals, except as disclosed herein.

3. I have reviewed lists of K&W's current and past clients and have compared them to the Debtors' chapter 11 petitions, schedules, statement of financial affairs, and other lists provided by the Debtors of interested parties. To the best of my knowledge and based upon K&W's due inquiry, K&W has not represented any of the parties related to the Debtor, their creditors, or other parties-in-interest.

4. K&W will represent the Debtors solely in matters in which the Debtors' bankruptcy and litigation counsel, Dechert LLP, has a conflict of interest in representing the Debtors.

5. No agreement exists to share any compensation received by K&W for its services with any other person or firm. No promises have been received by K&W or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

6. Insofar as I have been able to ascertain, K&W may have (i) appeared in the past, and may appear in the future, in matters unrelated to this case where the Debtors, creditors or other parties in interest may be involved, and (ii) represented in the past and may represent in the future creditors of the Debtors and parties in interest in matters unrelated to these chapter 11 cases.

### Professional Compensation

7. Subject to court approval in accordance with section 330(a) of title 11 of

the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), compensation will be payable to K&W's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. I have a current standard hourly rate of $475 per hour; my partner Ian Winters' billing rate is $395 per hour; my partner John Jureller is billed at $375 per hour; my partner Sean Southard is billed at $325 per hour; and our associates Stacy Bush, Brendan Scott and Sarah Megna (not yet admitted) are billed between $175 and $300 per hour. Our paralegals have a current standard hourly rate of $125 per hour. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate K&W for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses. K&W's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. K&W believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

9. This Declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). K&W intends to apply to this Court for compensation for professional services rendered in connection with this case. K&W has not received any retainer from the Debtors nor has K&W received any promises as to compensation in connection with this case

other than in accordance with the provisions of the Bankruptcy Code. K&W does not have an agreement with any other entity to share with such entity any compensation K&W receives.

          10. Insofar as I have been able to ascertain, K&W does not represent any interest adverse to the Debtors, their creditors, professionals or any other party-in-interest or their respective attorneys or professionals in the matters for which K&W is to be engaged. Except as may be stated above, I believe that K&W is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America, to the best of my knowledge that the foregoing is true and correct.

Dated: New York, New York
      August 25, 2006

*   *   *   *

                                        /s/ Tracy L. Klestadt
                                        Tracy L. Klestadt