| | |
|---|---|
| KLESTADT & WINTERS, LLP<br>292 Madison Avenue, 17th Floor<br>New York, New York 10017-6314<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Tracy L. Klestadt (TK-3591)<br>Brendan M. Scott (BS-7046) | Presentment Date:<br>June 1, 2007<br>10:00 a.m. |

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                    :

In re:                                           :    Chapter 11

BAYOU GROUP, LLC, et al.,       :    Case No.: 06-22306 (ASH)

                Debtors.             :    Jointly Administered

------------------------------------------------------------- X

### NOTICE OF PRESENTMENT OF APPLICATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING THE PRODUCTION OF DOCUMENTS BY ROBECO, WEISS, PECK & GREER, LLC

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors-in-possession by their counsel, Klestadt & Winters, LLP, will present the annexed order directing the production of documents by Robeco, Weiss, Peck & Greer, LLC, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for signature and approval to the Honorable Adlai S. Hardin, United States Bankruptcy Judge, Southern District of New York, in his Chambers, at 300 Quarrapos Street, White Plains, New York on June 1, 2007 at 10:00 a.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order is filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be

found at www.nysb.uscourts.gov, the official Web site for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and served in accordance with General Order M-242, and served upon Tracy L. Klestadt, Esq., Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017, to allow actual receipt of the foregoing by no later than May 31, 2007 at 4:00 p.m., the order may be signed.

Dated: New York, New York
      May 25, 2007

    KLESTADT & WINTERS, LLP

    By: /s/ Brendan M. Scott
        Tracy L. Klestadt (TK-3591)
        Brendan M. Scott (BS-7046)
        292 Madison Avenue, 17th Floor
        New York, New York 10017
        Telephone: (212) 972-3000
        Facsimile: (212) 972-2245

        *Attorneys for the Debtors and*
        *Debtors-in-Possession*

| KLESTADT & WINTERS, LLP | Presentment Date: |
| 292 Madison Avenue, 17th Floor | June 1, 2007 |
| New York, New York  10017-6314 | 10:00 a.m. |
| Telephone:  (212) 972-3000 | |
| Facsimile:  (212) 972-2245 | |
| Tracy L. Klestadt  (TK-3591) | |
| Brendan M. Scott (BS-7046) | |

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
In re: : Chapter 11
:
BAYOU GROUP, LLC, et al., : Case No.: 06-22306 (ASH)
:
               Debtors. : Jointly Administered
:
------------------------------------------------------------- X

### APPLICATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING THE PRODUCTION OF DOCUMENTS BY ROBECO, WEISS, PECK & GREER, LLC

Bayou Group, LLC ("Bayou Group"), Bayou Management, LLC ("Bayou Management"), Bayou Advisors, LLC ("Bayou Advisors"), Bayou Equities, LLC ("Bayou Equities"), Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC ("Bayou Superfund"), Bayou No Leverage Fund, LLC ("Bayou No Leverage"), Bayou Affiliates Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited," and together with Bayou Fund, Bayou Superfund, Bayou No Leverage, and Bayou Affiliates, the "Bayou Hedge Funds") (collectively, the "Bayou Entities," or the "Debtors"), by and through their counsel, Klestadt & Winters, LLP, submit this application (the "Application") for entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") authorizing and directing the production of documents by Robeco, Weiss, Peck & Greer, LLC ("RWPG").  In support of the Application, the Debtors respectfully represent to the Court as follows:

**FACTS**

A. **The Debtors Were Fraudulently Operated Pre-Petition**

    1.    The Debtors are an affiliated group of entities that created, operated, comprised, and controlled private pooled investment funds (commonly known as "hedge funds"). The Debtors operated their hedge funds pre-Petition as a fraudulent Ponzi scheme and engaged in a series of fraudulent actions and transactions in furtherance of this criminal scheme (the "Pre-Petition Bayou Fraud").

B. **The Criminal Prosecution of the Debtors' Pre-Petition Principals and the Government Distribution of Forfeited Assets to Bayou Investors**

    2.    The Debtors' three pre-Petition principals – Samuel Israel III, Daniel E. Marino, and James Marquez – have pled guilty in the United States District Court for the Southern District of New York to conspiring to defraud investors in connection with the operations of the Bayou Hedge Funds. Israel and Marino further pled guilty in this District to federal counts of mail and wire fraud, investment advisor fraud, and conspiracy to commit fraud, in connection with their operation of the Bayou Hedge Funds. Israel, Marino, and Marquez are awaiting sentencing.

C. **The Unofficial Committee was Formed to Mitigate Massive Losses by Setting up the Pursuit of Claims Against Third Parties**

    3.    In February 2006, following broad notice to creditors of the Bayou Hedge Funds, more than sixty creditors of the Debtors holding in excess of $130 million in claims organized the Unofficial On-Shore Creditors Committee (the "Unofficial Committee"). The primary purpose of the Unofficial Committee was to mitigate its constituency's massive financial losses as expeditiously and efficiently as practicable. Among other things, the Unofficial Committee sought an official, independent, disinterested fiduciary to manage the Debtors so that the Debtors could initiate and maintain Chapter 11 cases to liquidate Chapter 5 claims and other choses in

action outside the scope of the Government Receiver's charge for the benefit of all defrauded creditors.

**D. The District Court Grants Requested Relief and Appoints Marwil as Managing Member of the Bayou Entities**

4. The Unofficial Committee filed a civil action with the District Court seeking the appointment of Jeff J. Marwil ("Marwil") as a fiduciary of the Debtors to marshal and prosecute the avoidance power claims in favor of the defrauded creditors community so as to efficiently mitigate their losses. Complaint, Unofficial On-Shore Creditors' Committee v. Bayou Group, LLC, 06-cv-2379, subsequently consolidated with In re Bayou, 06 MDL 1755; see Order of Consolidation entered April 21, 2006. Broad notice of the case commencement was given to all known creditors of the Debtors, parties-in-interest therein, and the United States.

5. At hearings before the District Court on April 18, 2006 and April 28, 2006, attended by, inter alia, the U.S. Attorney (both criminal and civil divisions), the SEC, and the CFTC, the Unofficial Committee advocated for the appointment of Marwil as, inter alia, managing member of each of the Debtors to launch and navigate through conclusion insolvency proceedings for each of the Debtors.

6. Immediately following the April 28, 2006 hearing, the District Court entered an Order (the "District Court Order") pursuant to 28 U.S.C. §§ 754 and 959, Federal Rule of Civil Procedure 66, and the Court's inherent authority, appointing Marwil:

> the sole and exclusive managing member and representative of each of the Bayou Entities with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Bayou Entities, including without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), for any or all of the Bayou Entities and in connection therewith be and be deemed a debtor-in-possession for any or all of the Bayou Entities in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.

3

District Court Order ¶ 7(e).

7.  As managing member of each of the Debtors, Marwil has devoted extensive time and effort to analyzing the Debtors, devising a litigation and business strategy, reviewing the financial and operational history of the Debtors, managing the Debtors, and commencing these cases and adversary proceedings seeking to mitigate investor losses.

**E.  The Bankruptcy Cases**

8.  On May 30, 2006 (the "Petition Date"), the Debtors filed with this Court separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 1015(b), the Debtors' cases have been procedurally consolidated and are being jointly administered by this Court. Under Marwil's control as managing member, the Debtors are debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

9.  On June 15, 2006, the Acting United States Trustee for Region 2 appointed the Official Unsecured Creditors' Committee (the "Committee") consisting of five members, four of whom were voting members of the Unofficial Committee, which, as set forth above, successfully obtained the District Court Order appointing Marwil managing member of each of the Bayou Entities.

**F.  The Adversary Proceedings**

10.  Since the Petition Date, the Debtors have commenced more than 125 adversary proceedings against certain redeeming investors who received redemption payments from the Debtors within two years of the Petition Date in the approximate amount of $125 million. Amended Complaints have been filed in 108 of the 126 Adversary Proceedings.

11.  The Amended Complaints assert some or all of the following claims under federal and New York state law: (1) actual fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A) and section 276 of the New York Debtor and Creditor Law; and (2) constructive

fraudulent conveyance pursuant to Bankruptcy Code § 548(a)(1)(B) and sections 273-275 of the New York Debtor and Creditor Law.  The Amended Complaints also seek to recover prejudgment interest under federal and New York law from the date on which the redemption payments were made.

12. On November 11, 2006, defendants in 95 of the Adversary Proceedings moved to dismiss the Amended Complaints.  The motions to dismiss were fully briefed by the parties, and Judge Hardin heard oral argument on the motions to dismiss on January 24, 2007.  On February 23, 2007, Judge Hardin issued a Decision Denying Motions to Dismiss (the "Opinion"), and, on February 28, 2007, Judge Hardin entered an order denying the motions to dismiss in their entirety (the "Order Denying Motions to Dismiss").

## PREDICATES FOR RELIEF

13. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409.  The legal predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

14. Upon information and belief, prior to the Petition Date, the Debtors maintained numerous accounts with Weiss, Peck & Greer, LLC (the "WPG Accounts") in various names, including but not limited to Bayou Management, LLC, Bayou Fund, LLC, Bayou Securities, LLC.  Upon information and belief, Weiss, Peck & Greer, LLC ("WPG") provided the Debtors with securities clearing services, as well as trade execution and settlement services.  Upon information and belief, funds belonging to the Debtors were held in and passed through the WPG Accounts at various times.  Upon information and belief, the business of WPG has been purchased by Robeco Investment Management.  Upon information and belief, WPG is currently

doing business as Robeco, Weiss, Peck & Greer, LLC ("RWPG"). As the Debtors, directed by Marwil, continue to investigate the acts, conduct, property, liabilities and financial condition of the Debtors, including potential causes of action, it is appropriate to obtain documents from RWPG relating to the WPG Accounts.

15. Bankruptcy Rule 2004, provides, in relevant part:

(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .

(c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

16. It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a 'fishing expedition.'" In re M4 Enterprises, Inc., 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); see also In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("R2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); In re Frigitemp Corp., 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

17. Examinations under Bankruptcy Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of

6

a plan. The information sought by the Debtors in connection with this Application is consistent with Rule 2004.

18. It is appropriate to use Rule 2004 discovery to determine whether to initiate a cause of action. See, e.g., In re ECAM Publications, Inc., 131 B.R. 556, 560 (Bankr. S.D.N.Y. 1991 (intended purpose of a Rule 2004 is "to determine whether there are grounds to bring an action to recover property of the estate"); In re Table Talk, Inc., 51 B.R. 143, 146 (Bankr. D. Mass. 1985) (party may use Rule 2004 to investigate potential claims, even if they are found to be non-core claims"). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); see also In re ECAM, 131 B.R. at 559 (third parties may be subject to examination if they have knowledge of the debtors' affairs).

19. Here, the Debtors are seeking the production of documents directly related to assets of the Debtors' estates and potential causes of action arising from such matters. Such claims are property of the Debtors' estates. In re Table Talk, supra, at 146.

20. Pursuant to Bankruptcy Rule 2004, the Debtors seek authority to compel production of the requested documents as identified on Exhibit A to the attached proposed Order (the "Document Request Subpoena") so as to be received by Debtors' counsel not later than June 21, 2007.

21. The Debtors request that this Court retain jurisdiction to resolve any objections to the proposed order, to the requested examinations, and production of documents.

**NOTICE**

22. Notice of this Application has been given in accordance with the Order Establishing Notice Procedures dated May 31, 2006. The Debtors respectfully submit that no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

23. Because this Application presents no novel issues of law and the authorities relied upon by the Debtors are set forth herein, the Debtors respectfully request that the Court waive the requirement for the filing of a separate memorandum of law in support of this Application pursuant to Local Bankruptcy Rule 9013-1(b).

**PRIOR REQUEST FOR RELIEF**

24. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order:

(a) granting the relief requested in the Application;

(b) directing Robeco, Weiss, Peck & Greer, LLC to produce the documents described in the Document Request Subpoena as Exhibit A to the attached proposed Order; and

(c) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 25, 2007

                                                KLESTADT & WINTERS, LLP

                                        By: /s/ Brendan M. Scott
                                                Tracy L. Klestadt (TK-3591)
                                                Brendan M. Scott (BS-7046)
                                                292 Madison Avenue, 17th Floor
                                                New York, New York  10017
                                                Telephone:  (212) 972-3000
                                                Facsimile:  (212) 972-2245

                                                *Attorneys for the Debtors and*
                                                *Debtors-in-Possession*

<h1 style="text-align:center">Exhibit A</h1>

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                            :
In re:                                      :    Chapter 11
                                            :
BAYOU GROUP, LLC, et al.,                   :    Case No.: 06-22306 (ASH)
                                            :
                    Debtors.                :    Jointly Administered
                                            :
---------------------------------------------------------------- X
```

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING
THE PRODUCTION OF DOCUMENTS BY ROBECO, WEISS, PECK & GREER, LLC**

Upon the application of Bayou Group, LLC, Bayou Management, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, and Bayou Accredited Fund, LLC (the "Debtors") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing the production of documents by Robeco, Weiss, Peck & Greer, LLC ("RWPG") (the "Application"); and notice of the Application having been given in accordance with the Order Establishing Notice Procedures dated May 31, 2006 and no other or further notice being required and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that Debtors are hereby authorized to issue a subpoena or other process to compel the production of documents ("Document Request Subpoena") and RWPG is directed to produce in response to the Document Request Subpoena all responsive documents described in Schedule A annexed hereto so as to be received not later than June 21, 2007, subject to any documents withheld under a claim of privilege, by delivery via overnight courier, or such other

means as RWPG may elect, to Tracy L. Klestadt, Esq., Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017; and it is further

ORDERED that the Order is without prejudice to the rights of the Debtors to apply to the Court for further discovery of RWPG, or of any other person or entity; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this Order and the production of documents.

Dated: June ___, 2007
       White Plains, New York

                                                    _____
                                                    United States Bankruptcy Judge

# SCHEDULE A

## Definitions and Instructions

A. Pursuant to Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

B. "Robeco, Weiss, Peck & Greer, LLC" and "RWPG" refers to you, your directors, officers, principals, owners, beneficiaries, employees, agents, representatives, attorneys, accountants, financial advisers, investment advisers, consultants, parents, subsidiaries, divisions, or affiliates or any other person or entity subject to your practical control.

C. "Weiss, Peck & Greer, LLC Accounts" refers to securities clearing accounts and/or securities trading accounts maintained and/or administered by Weiss, Peck & Greer, LLC.

D. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

E. These requests for the production of documents and things require RWPG to produce all responsive documents and things in its possession, custody, or control, without regard to the physical location of such documents and things. RWPG has the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. RWPG has the duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

F. In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this action, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

G. Each page of all documents and all things produced in response to this subpoena shall be marked by a unique Bates number to allow for accurate identification.

H. In accordance with Local Bankruptcy Rule 7034-1, in connection with any objection or request for relief with respect to the document requests herein, RWPG shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following each specification, set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

I. If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (vii) the reason that the document was destroyed, deleted or otherwise disposed of.

## Documents Requested

**Request No. 1**: Documents and things constituting, or otherwise sufficient to show, all monthly account statements for all Weiss, Peck & Greer, LLC Accounts in the names of Bayou Group, LLC, Bayou Management, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Securities, LLC, Daniel Marino and/or Samuel Israel.

Dated: New York, New York
      May 25, 2007

KLESTADT & WINTERS, LLP

By: /s/ Brendan M. Scott
    Tracy L. Klestadt (TK-3591)
    Brendan M. Scott (BS-7046)
    292 Madison Avenue, 17th Floor
    New York, New York 10017
    Telephone: (212) 972-3000
    Facsimile: (212) 972-2245

*Attorneys for the Debtors and Debtors-in-Possession*