USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA

-against-

SAMUEL ISRAEL III,

            Defendant.

05 Cr. 1039 (CM)

------------------------------------------------------------ X

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

            Petitioners.

------------------------------------------------------------ X

BAYOU MANAGEMENT, LLC,

            Plaintiff,

-against-

ROBERT B. NICHOLS, ELLEN M. NICHOLS,
SAMUEL ISRAEL III, and JOHN DOES 1-5,

            Defendants.

08 Civ. 6036 (CM)

------------------------------------------------------------ X

## STIPULATION AND ORDER OF SETTLEMENT AND EXTINGUISHMENT OF CLAIM

WHEREAS, on or about July 8, 2004, Samuel Israel III ("Israel") caused $120 million (the "$120 Million") to be transferred from Bayou Management, LLC ("Bayou Management") to a bank account in Israel's name at Deutsche Postbank in Germany (the "Israel Postbank Account");

WHEREAS, on or about July 19, 2004, Israel transferred $10 million of the $120 Million from the Israel Postbank Account to Robert B. Nichols ("RBN") and Ellen M. Nichols ("EMN," and together with RBN, the "Nichols"), which transfer shall be referred to herein as "the Nichols Transfer";

WHEREAS, on May 30, 2006, Bayou Management, Bayou Group, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, and Bayou Accredited Fund, LLC (collectively, the "Debtors") filed separate voluntary petitions for relief under Chapter 11 of the

United States Bankruptcy Code §§ 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors' cases have been procedurally consolidated and are being jointly administered by the Bankruptcy Court as *In re Bayou Group, LLC, et al.*, Case No. 06-22306 (ASH) (the "Bankruptcy Case");

WHEREAS, under the control of Jeff J. Marwil, as the sole and exclusive managing member and authorized representative of each of the Debtors (the "Managing Member"), the Debtors are debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108;

WHEREAS, on August 3, 2007, the United States District Court for the Southern District of New York (the "District Court") in *United States v. Israel*, 05 Cr. 1039 (CM) (the "Forfeiture Proceeding") entered the Third Preliminary Order of Forfeiture, which forfeited to the United States of America (the "Government"), Israel's interest in $1,053,604.13 in United States currency in account #400515-57409731 in the name of "Robert B. and Ellen M. Nichols" at HSBC Bank PLC (the "HSBC Account");

WHEREAS, on April 17, 2008, the Nichols filed a Verified Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) in the Forfeiture Proceeding with respect to the HSBC Account;

WHEREAS, on May 30, 2008, Bayou Management commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court against, *inter alia*, the Nichols with the filing and service of a complaint (the "Complaint");

WHEREAS, on June 12, 2008, the Nichols served an answer to the Complaint and demanded a jury trial;

WHEREAS, by Order dated July 14, 2008, the District Court withdrew the reference in the Adversary Proceeding and consolidated the Adversary Proceeding with the Forfeiture Proceeding;

WHEREAS, on December 5, 2008, the District Court entered the Preliminary Order of Forfeiture as to Prescott Valley Property in the Forfeiture Proceeding, which forfeited to the Government Israel's interest in the property known as 9750 East Windmill Acres Road, Prescott Valley, Arizona, with Yavapai County Assessor parcel identification numbers 103-01-114-4 and 103-01-114E-9, up to $2.5 million (the "Prescott Valley Property");

WHEREAS, on February 10, 2009, the District Court in the Forfeiture Proceeding entered the Preliminary Order of Forfeiture as to the Nichols Standard Chartered Account Funds and a Toyota FJ Cruiser, which forfeited to the Government Israel's interest in (a) all funds in account #77-0-000786-2, in the name of "Mr. Nichols, Robert Booth &/or Mrs. Nichols, Ellen Marie Hopko" at Standard Chartered Bank in Singapore up to $1,999,994.19 (the "Nichols Standard Chartered Account Funds") and (b) a 2007 Toyota FJ Cruiser with Vehicle Identification Number JTEBU11F470016536 (the "Toyota FJ Cruiser");

WHEREAS, on February 10, 2009, the District Court in the Forfeiture Proceeding entered the Restraining Order as to Unrestrained Nichols Accounts, which restrained Israel, the Nichols, and others from transferring, or taking any other action that would have the effect of depreciating, damaging, or in any way diminishing the value of the following property (collectively, the "Restrained Accounts"):

    a. All funds in a client trust account held for the benefit of a trust in the name of Ginomai by the Law Offices of Simone & Roos at Citibank;

    b. All funds in account number 45-250563 in the name of "Ellen M. Nichols and Robert B. Nichols" at First Hawaiin Bank;

    c. All funds in account number 0019-692272 in the name of "Robert B. Nichols and Ellen M. Nichols aka Ellen M. Hopko" at Bank of Hawaii;

    d. All funds in account number 00430766708780 in the name of "The Ginomai Living 2004 Trust–Robert B. Nichols, Trustee and Ellen M. Nichols, Trustee" at Bank of America, N.A.;

    e. All funds in account number 80-293216-76 in the name of "Robert B. Nichols, Ellen M. Nichols and Joseph A. Hopko" at California Bank and Trust; and

    f. All funds in account number 3800117351 in the name of "Neos International LLC c/o Ellen M. Nichols" at California Bank and Trust;

WHEREAS, on February 12, 2009, the Government seized the Toyota FJ Cruiser, pursuant to a seizure warrant issued by the District Court in the Forfeiture Proceeding;

WHEREAS, on March 5, 2009, counsel for the Nichols informed the Government and Bayou Management that RBN died on February 15, 2009;

WHEREAS on March 8, 2009, counsel for the Nichols provided the Government and Bayou Management with a death certificate stating that "Robert Booth Nichols" died in Geneva Switzerland on February 15, 2009;

WHEREAS RBN's asserted interest in the forfeited assets at issue in the above captioned criminal ancillary proceeding, which is disputed by the Government, cannot legally be transferred to any estate beneficiary because such transfer would neither convey a right, title or interest in the property that vested before the commission of the acts which gave rise to the forfeiture of the property, *see* 21 U.S.C. § 853(n)(6)(A), nor be a bona fide purchase for value, *see* 21 U.S.C. § 853(n)(6)(B);

WHEREAS, EMN, admitting no wrongdoing, has agreed to settle these matters, upon the terms and conditions set forth herein;

3

WHEREAS, EMN hereby declares that she is the executor of RBN's estate and that, were RBN's estate to have any unextinguished claim in the above captioned actions, the terms and conditions of this Stipulation would be in the best interest of RBN's estate and its beneficiaries;

NOW, THEREFORE, in consideration of the mutual covenants, promises, and obligations set forth herein, and other good and valuable consideration, and subject to approval by the Bankruptcy Court and the District Court, the Government, Bayou Management, and EMN hereby agree and stipulate as follows:

1. The death of Claimant Robert B. Nichols is hereby noted.

2. RBN's claims in the above captioned forfeiture action are extinguished.

3. The Debtors will submit this Stipulation and Order of Settlement and Extinguishment of Claim ("Stipulation") to the Bankruptcy Court or the District Court for approval ("Bankruptcy Approval") through a motion pursuant to Rule 9019 of the Bankruptcy Rules (the "9019 Motion"). The 9019 Motion shall be filed on notice to all parties-in-interest in the Bankruptcy Case, and shall request entry of an order by the Bankruptcy Court or District Court approving all of the terms of this Stipulation. No party hereto shall contest or object to the Bankruptcy Court's or District Court's approval hereof. In the event that the Bankruptcy Court or the District Court declines to approve this Stipulation, this Stipulation shall be null and void in its entirety with respect to all parties and payments.

4. This Stipulation will be submitted to the District Court to be "so ordered" ("District Court Approval"). No party hereto shall contest or object to the District Court's approval thereof. In the event that the District Court declines to approve this Stipulation, this Stipulation shall be null and void in its entirety with respect to all parties and payments.

5. In full and final settlement of the Adversary Proceeding and the Forfeiture Proceeding, EMN (a) agrees that (i) all funds in the HSBC Account, (ii) the Nichols Standard Chartered Account Funds, and (iii) the Toyota FJ Cruiser shall be forfeited to the United States, for disposition according to law, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, without admitting any liability thereunder; (b) agrees that, should the Government at any time request, she will take any actions necessary to repatriate the Standard Chartered Account Funds and the funds in the HSBC Account, including signing any and all documents necessary to repatriate these funds, (c) by the later of thirty (30) days following the date on which both the Bankruptcy Approval and the District Court Approval become final and non-appealable or June 15, 2009, shall pay Bayou Management $1,000,000.00 (the "Bayou Settlement Amount") by wire transfer to Bank of America, Routing Number 026009593, Account Number 0052 0174 1641 Bayou Group; and (d) by the later of forty-five (45) days following the date on which both the Bankruptcy Approval and the District Court Approval become final and non-appealable or June 30, 2009, but only after payment of the Bayou Settlement Amount to Bayou Management, shall pay the Government $500,000 (the "Government Settlement Amount") by certified check, bank check or wire to an account designated by the United States Marshals Service.

6. In the event that EMN fails to timely pay the Bayou Settlement Amount, then EMN shall be deemed to have defaulted herein, and a default judgment shall be entered in favor

4

of Bayou Management for the entire amount of the Nichols Transfer, less the amounts actually collected by the Government with respect to the forfeited property. EMN also agrees that, if EMN fails to timely pay the Bayou Settlement Amount, the Government may forfeit the Restrained Accounts and the Prescott Valley Property and EMN will not in any way challenge or contest that forfeiture on behalf of herself, RBN, or RBN's estate. Upon EMN's payment of the Bayou Settlement Amount, and the Government's receipt of the Standard Chartered Account Funds and the funds in the HSBC account, the Government will ask the District Court to vacate the order restraining the Restrained Accounts.

7.   In the event that EMN has timely paid both the Bayou Settlement Amount and the Government Settlement Amount, the Government will move the District Court to vacate the Preliminary Order of Forfeiture as to Prescott Valley Property, and will remove any liens or restraints that it has placed on the Prescott Valley Property, and will have no right to the Prescott Valley Property. In the event that EMN fails to timely pay the Government Settlement Amount, the Government will forfeit the Prescott Valley Property and the Nichols will not in any way challenge or contest that forfeiture.

8.   Effective upon the payment of the entire Bayou Settlement Amount to Bayou Management, (a) the Debtors and the Managing Member hereby release, acquit, and absolutely discharge EMN, and, as applicable, her past and present trustees, officers, directors, partners, employees, shareholders, agents, executors, sureties, insurers, attorneys, administrators, advisors, heirs, predecessors, successors, parent companies, subsidiaries, affiliates and/or assigns (collectively, the "Defendant Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and all claims, known or unknown, arising out of or in any way related to the Adversary Proceeding and the subject matter thereof, the Nichols Transfer, or any other transaction between EMN and the Debtors or the Debtors' present or former principals, (b) Bayou Management shall promptly cause the Adversary Proceeding to be dismissed with prejudice and without costs, and (c) the Debtors and the Managing Member each covenant that no further suit shall be brought, nor claim asserted, by any of them against the Defendant Releasees based on the subject matter of the Adversary Proceeding, the Nichols Transfer, or any other transaction between EMN and the Debtors or the Debtors' present or former principals, except for breach of this Stipulation.

9.   Effective upon Bankruptcy Approval and District Court Approval of this Stipulation, (a) EMN, for herself and, as applicable, her past and present trustees, officers, directors, partners, employees, shareholders, agents, executors, sureties, insurers, attorneys, administrators, advisors, heirs, predecessors, successors, parent companies, subsidiaries, affiliates and/or assigns hereby release, acquit, and absolutely discharge the Debtors, the Managing Member and the Debtors' counsel (collectively, the "Debtor Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims, known or unknown, (b) EMN covenants that no suit shall be brought, nor claim asserted, including without limitation by or for the benefit of EMN, RBN, or RBN's estate, against the Debtor Releasees except for breach of this Stipulation, and (c) EMN waives the right to assert any claim in the Bankruptcy Case by or for the benefit of EMN, RBN, or RBN's estate.

10. EMN is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation and the United States Attorney's Office for the Southern District of New York) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the HSBC Account, the Prescott Valley Property, the Nichols Standard Chartered Account Funds, the Toyota FJ Cruiser, and the Restrained Accounts (collectively, the "Seized or Restrained Assets"), including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Seized or Restrained Assets, that EMN is the prevailing party, or that EMN is entitled to attorneys' fees or any award of interest.

11. EMN represents that she is the sole owner of the Seized or Restrained Assets, and agree to hold harmless the United States and any and all of its agents and employees (including, without limitation, the Federal Bureau of Investigation and the United States Attorney's Office for the Southern District of New York) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Seized or Restrained Assets.

12. EMN hereby withdraws her claims and /or petitions for remission. Furthermore, EMN hereby waives all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

13. This Stipulation shall in no way be deemed an admission of culpability, liability, or guilt on behalf of EMN, or of the plaintiff United States or any of their respective agents, officers or employees, past and present. Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and EMN.

14. Each party hereto represents and warrants that as of the date of execution of this Stipulation, the execution and delivery of this Stipulation has been duly authorized, that all necessary approvals have been granted, save only for the approval of the Bankruptcy Court and/or District Court, that any and all necessary actions have been taken, and that the undersigned has full and complete authority to enter into this Stipulation on behalf of its respective party and to bind such party.

15. This Stipulation, and all of its terms and provisions, shall be binding upon and inure to the benefit of the parties, and their respective successors, assigns, heirs, executors, and administrators, including, without limitation, any Chapter 11 or Chapter 7 trustee appointed for the Debtors.

16. Each party hereto warrants and represents that no other person or entity has any interest in the matters that such party releases herein, and that such party has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the claims that such party releases hereby.

17. Each party hereto warrants, represents, and agrees that in executing this Stipulation, it does so with the full knowledge of any and all rights that it may have with respect to the controversies herein compromised and it has received independent legal advice from its

attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts.

18. This Stipulation may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute one and the same instrument. An electronically transmitted facsimile of any signature shall be as binding as an original signature.

19. This Stipulation may not be amended or modified other than in writing executed by all the parties.

20. This Stipulation contains the entire agreement between the parties with respect to its subject matter, and expressly supersedes any and all prior agreements, written or oral. Any prior or contemporaneous agreements, contracts, promises, representations and statements among the parties hereto or their representatives as to the subject matter hereof are merged into this Stipulation, and no oral statements, prior written drafts of this Stipulation, or other writing, correspondence or memoranda shall be used to construe or interpret any provision hereof or of any related document.

21. This Stipulation is a compromise and settlement of disputed claims and is the product of arms' length negotiations. The parties understand and agree that nothing contained herein shall constitute or be construed as an admission or adjudication, express or implied, of any liability whatsoever with respect to any claims that are the subject matter of this Stipulation, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the parties hereto has made such an admission. If the Stipulation is not approved by the Bankruptcy Court or District Court or otherwise expires by its terms, it shall not be used or relied upon for any purpose other than the enforcement of rights under this paragraph. The parties shall not contest that this Stipulation shall be deemed to fall within the protection afforded compromises and offers to compromise by the Federal Rule of Evidence 408 and any similar state law, statute, rule, regulation, or other provision. Following Bankruptcy Court or District Court approval, this Stipulation shall not be admissible in any proceeding other than a proceeding initiated solely for the purpose of enforcing the terms of this Stipulation.

22. This Stipulation has been fully negotiated by the parties. Each party acknowledges and agrees that this Stipulation has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Stipulation.

23. By execution of this Stipulation, each party acknowledges that if any of the provisions of paragraphs 1 through 16 of this Stipulation shall be found to be invalid or unenforceable for any reason, this Stipulation shall be null and void. Excepting the provisions of paragraphs 1 through 16, if any other provision of this Stipulation is found invalid or unenforceable for any reason, such provision may be severed from the remainder of this Stipulation and the remaining provisions enforced as written to effectuate the purposes of this Stipulation.

24. Each party shall bear its own costs and attorneys' fees.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, and represent the signatories hereunto to be duly authorized, all as of the date of execution.

Dated: Chicago, Illinois
        4 27 , 2009

BAYOU MANAGEMENT LLC

By: _____/s/ Jeff J. Marwil_____
    Jeff J. Marwil,
    as Managing Member

Dated: New York, New York
        April 28 , 2009

LEV L. DASSIN
ACTING UNITED STATES ATTORNEY

By: _____/s/ Jeff Alberts_____
    Jeff Alberts
    Assistant United States Attorney

Dated: Los Angeles, CA
        April 14, 2009

_____/s/ Ellen M. Nichols_____
ELLEN M. NICHOLS

So Ordered:

_____/s/_____
UNITED STATES DISTRICT JUDGE

Dated: 4 May , 2009

8