NAVIGANT CONSULTING, INC.
5215 Old Orchard Road, Suite 850
Skokie, IL 60077
Telephone: (847) 583-1618
Facsimile: (847) 583-1719

*Financial Advisors for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
BAYOU GROUP, LLC, et al.,                                         :   Case No.: 06-22306 (ASH)
                                                                  :
                              Debtors.                            :   Jointly Administered
                                                                  :
----------------------------------------------------------------- :

| | | |
|---|---|---|
| Fees Prev. Requested | $1,784,908.65 | NAME OF APPLICANT: |
| Fees Prev. Awarded | $1,782,332.50 | NAVIGANT CONSULTING, INC. |
| Expenses Prev. Requested | $ 38,350.27 | |
| Expenses Prev. Awarded | $ 38,350.27 | |
| | | ROLE IN THE CASE: |
| | | FINANCIAL ADVISOR FOR DEBTOR |
| Retainer Paid | $0.00 | |
| | | CURRENT APPLICATION |
| | | Fees Requested         $ 26,612.50 |
| | | Expenses Requested   $      (33.72) |

NAVIGANT CONSULTING, INC.
5215 Old Orchard Road, Suite 850
Skokie, IL 60077
Telephone: (847) 583-1618
Facsimile: (847) 583-1719

*Financial Advisors for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU GROUP, LLC, et al., | Case No.: 06-22306 (ASH) |
| Debtors. | Jointly Administered |

------------------------------------------------------------ X

**DECLARATION OF NEIL F. LURIA IN SUPPORT OF FINAL APPLICATION OF NAVIGANT CONSULTING, INC. FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR FOR THE DEBTOR FOR THE PERIOD SEPTEMBER 27, 2006 THROUGH DECEMBER 31, 2009**

I am a Managing Director with Navigant Consulting, Inc. ("NCI"). I am authorized to make this declaration in that capacity and, if called upon to do so, I could and would testify of my own personal knowledge to the facts set forth herein.

**Neil F. Luria**, being duly sworn, deposes and says that:

1. I am a Managing Director with Navigant Consulting, Inc., Applicant herein.

2. I have read the application.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the application complies with the **Local Guidelines**, as amended and the United States Trustees Guidelines issued March 22, 1995, by the U.S. Department of Justice, as amended.

4. All interested parties have received and are reviewing or have reviewed the application.

5. In providing a reimbursable service, Applicant does not make a profit on that service.

6. In charging for a particular service, Applicant does not include the amortization of the

cost of any investment equipment or capital outlay.

7. In seeking reimbursement for third party services, Applicant requests reimbursement only for the amount billed to the Applicant by the third party.

8. Word processing services are not a part of NCI's overhead and, therefore, charges for such services are included as part of the Applicant's expenses, where applicable.

9. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Amended Guidelines and the UST Guidelines, except as specifically noted in the certification and described in the fee application and except to the extent that fees or disbursements sought are prohibited by the Amended Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by NCI and generally accepted by NCI's clients.

10. This declaration is submitted in support of the Application for NCI for Approval of Final Interim Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisors for the Debtors (the "Application") for the period September 27, 2006 to December 31, 2009 (the "Final Compensation Period").

11. A summary and detail of fees and expenses incurred by NCI in this Chapter 11 case are provided in Exhibits C and D attached to the Application.

12. The following is a summary of the total fees and expenses incurred by NCI during this Final Compensation Period:

**Fees and Expenses Sought by this Application**
(September 27, 2006 to December 31, 2009)

| | |
|---|---|
| FEES | $1,808,945.00 |
| EXPENSES | $38,316.55 |
| **TOTAL** | **$1,847,261.55** |

13. NCI has received from, or on behalf, of the Debtor, $1,833,682.60 for reimbursement of fees and expenses in this Chapter 11 case. None of the compensation paid to NCI, from or on behalf of the Debtor, has been divided or shared with any other person other than the members, associates and employees of NCI.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Chicago, Illinois on January 15, 2010.

                                        NAVIGANT CONSULTING, INC.

                                        BY: /s/ Neil F. Luria
                                        Telephone: (216) 321-5606
                                        Facsimile: (801) 751-9537

                                        *Financial Advisors for the Debtors and*
                                        *Debtors-in-Possession*

Sworn and subscribed to before me
this 15th day of January, 2010.

/s/ Jacquelynn M. Kelly
Notary Public

JACQUELYNN M. KELLY
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 27, 2012

NAVIGANT CONSULTING, INC.
5215 Old Orchard Road, Suite 850
Skokie, IL 60077
Telephone: (847) 583-1618
Facsimile: (847) 583-1719

*Financial Advisors for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
In re: : Chapter 11
:
BAYOU GROUP, LLC, et al., : Case No.: 06-22306 (ASH)
:
                        Debtors. : Jointly Administered
:
------------------------------------------------------------------ X

**APPLICATION FOR APPROVAL OF FINAL APPLICATION
OF NAVIGANT CONSULTING, INC. FOR COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR FOR THE DEBTOR FOR THE PERIOD SEPTEMBER 27, 2006 THROUGH
DECEMBER 31, 2009**

Navigant Consulting, Inc. ("NCI") hereby submits its Final Application for Approval of

Interim Compensation for Services Rendered and for Reimbursement of Expenses as Financial

Advisors for the Debtor for the period September 27, 2006 to December 31, 2009 (the "Final

Compensation Period"). NCI respectfully represents:

**I.      INTRODUCTORY STATEMENT**

1.      NCI is a national consulting firm familiar with all aspects of loan workouts,

restructuring and bankruptcy. NCI has extensive experience representing debtors and virtually

all classes of creditors and equity holders in both out-of-court and in-court workouts and

restructuring. NCI has developed the methodologies, resources and expertise required for

operational and financial restructuring, due diligence and financial analysis, pre-and post-

bankruptcy planning and case administration, settlement and portfolio valuations, and

1

investigative accounting.

2. The Debtor filed their Voluntary Chapter 11 under Title 11 of the United States Code and an order for relief under Chapter 11 was entered simultaneously.

3. By application, the Debtor sought authority to retain NCI as financial consultants to render services specified in the Application Pursuant to Section 327(a) and 330 of the Bankruptcy Code for an Order Authorizing the Retention and Employment of NCI as Financial Advisor (the "Employment Application"). On September 27, 2006, an order, effective as of August 25, 2006 was duly signed and entered by the Honorable Adlai S. Hardin, United States Bankruptcy Judge, authorizing the retention of NCI.

4. Detailed statements itemizing services rendered by NCI are attached as Exhibit C to this application.

5. This is NCI's application for the Final Compensation Period for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred on behalf of the Debtor in the administration of the estate of the Debtor's. NCI makes this Application pursuant to the provisions of 11 U.S.C. sections 327 through 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Guidelines Pertaining To Requests For Compensation and Expense By Professionals (the "Guidelines").

## II. SUMMARY OF PROFESSIONAL SERVICES RENDERED

6. By this final application for compensation, NCI seeks approval and payment for (a) compensation for services rendered during the Final Compensation Period and (b) reimbursement for certain expenses incurred during the same period. This is the final application for compensation filed by NCI.

7. Prior to this final application for compensation, NCI submitted it's First through Seventh Interim Fee Applications.

2

8. NCI customarily bills their professionals at rates commensurate with the experience of the person performing such services and the services being provided. The billing rates are the same for bankruptcy engagements as well as all other financial advisory work performed by NCI. The ranges are as follows:

| | |
|---|---|
| Managing Directors | $510 – 795 / hr |
| Directors / Senior Advisors | $350 – 575 / hr |
| Associate Directors | $350 – 475 / hr |
| Managing Consultants | $345 – 375 / hr |
| Consultants / Associates | $90 – 345 / hr |
| Paraprofessionals | $95 – 125 / hr |

9. The compensation NCI seeks is reasonable and is for actual and necessary services rendered by NCI. All of the services performed by NCI have been beneficial to the parties to these proceedings and have enabled the case to proceed.

10. For the First Interim Application Period from September 27, 2006 – October 31, 2006, NCI requested payment of $67,345.20 in professional fees and $1,582.98 in expenses for a total of $68,928.18. The Court allowed $67,345.20 in professional fees and $1,582.98 in expenses, for a total of $68,928.18, for the First Interim Application Period.

11. For the Second Interim Application Period from November 1, 2006 – October 31, 2007, NCI requested payment of $1,280,488.70 in professional fees and $31,913.90 in expenses for a total of $1,312,402.60. The Court allowed $1,280,488.70 in professional fees and $31,913.90 in expenses, for a total of $1,312,402.60, for the Second Interim Application Period.

12. For the Third Interim Application Period from November 1, 2007 – February 29, 2008, NCI requested payment of $151,754.75 in professional fees and $3,107.61 in expenses for a total of $154,862.36. The Court allowed $151,754.75 in professional fees and $3,107.61 in expenses, for a total of $154,862.36, for the Third Interim Application Period.

13. For the Fourth Interim Application Period from March 1, 2008 – June 30, 2008,

NCI requested payment of $206,494.50 in professional fees and $1,659.36 in expenses for a total of $208,153.86. The Court allowed $206,494.50 in professional fees and $1,659.36 in expenses, for a total of $208,153.86, for the Fourth Interim Application Period.

14. For the Fifth Interim Application Period from July 1, 2008 – October 31, 2008, NCI requested payment of $29,529.00 in professional fees and $43.21 in expenses for a total of $29,572.21. The Court allowed $29,529.00 in professional fees and $43.21 in expenses, for a total of $29,572.21, for the Fifth Interim Application Period.

15. For the Sixth Interim Application Period from November 1, 2008 – February 28, 2009, NCI requested payment of $25,761.50 in professional fees and $43.21 in expenses for a total of $25,804.71. The Court allowed $23,185.35 in professional fees and $43.21 in expenses, for a total of $23,228.56, for the Sixth Interim Application Period.

16. For the Seventh Interim Application Period from March 1, 2009 – June 30, 2009, NCI requested payment of $23,535.00 in professional fees and $0.00 in expenses for a total of $23,535.00. The Court allowed $23,535.00 in professional fees and $0.00 in expenses, for a total of $23,535.00, for the Seventh Interim Application Period.

17. During the period from July 1, 2009 – December 31, 2009 (the "Current Compensation Period"), NCI has submitted 5 monthly fee statements to the Notice Parties. In the July 1 – July 31, 2009 Fee Statement, NCI sought aggregate fees of $4,852.50 and incurred aggregate expenses of $0.00. In the August 1 – August 31, 2009 Fee Statement, NCI sought aggregate fees of $3,740.00 and incurred aggregate expenses of $5.83. In the September 1 – September 30, 2009 Fee Statement, NCI sought aggregate fees of $3,825.00 and incurred aggregate expenses of $0.00. In the October 1 – October 31, 2009 Fee Statement, NCI sought aggregate fees of $3,825.00 and incurred aggregate expenses of $0.00. In the November 1 – December 31, 2009 Fee Statement, NCI sought aggregate fees of $10,340.00 and incurred

aggregate expenses of $0.00. In addition, NCI has identified $39.55 of expenses that were inadvertently billed to the Debtor within prior fee statements and approved within related Interim Fee Applications. Therefore, $39.55 will be credited to the Debtor thereby resulting in total incurred expenses of negative $33.72 (credit balance) for the Current Compensation Period.

18. In rendering the services for the Current Compensation Period, NCI managing directors, directors, associate directors, consultants and staff spent 65.0 hours from July 1, 2009 to December 31, 2009. The time charges for such services, computed at NCI's standard hourly rates, are $26,612.50. NCI incurred ordinary and necessary expenses of negative $33.72 (credit balance) during this same period, for total professional fees and expenses of $26,578.78 during the Current Compensation Period. Exhibit A and B annexed hereto contains, in full and complete detail, a description of the services rendered by each managing director, director, associate director, consultant and staff on a daily basis as well as expenses incurred during the same period.

19. NCI has been paid $12,994.00 for professional services rendered during the Current Compensation Period and $5.83 for expenses incurred during the Current Compensation Period, for total payments of $12,999.83.

20. In accordance with the Guidelines, NCI seeks final allowance and payment herein of (a) compensation in the amount of $26,612.50 for the actual, reasonable and necessary services rendered to the Debtor and reimbursement of negative $33.72 (credit balance) for the actual, reasonable and necessary expenses incurred during the Current Compensation Period, and (b) total compensation in the amount of $1,808,945.00 for the actual, reasonable and necessary services rendered to the Debtor and reimbursement of $38,316.55 for the actual, reasonable and necessary expenses incurred during the Final Compensation Period.

21. The fees sought by this final application for compensation reflect an aggregate of 6,060.0 hours of NCI's time spent and recorded in performing services during the Final Compensation Period.

22. The size and complexity of the Debtor's case involves numerous and complex financial issues and require substantial broad-based financial expertise to resolve the issues. As a consequence, the demands of this case have been such that NCI'S highly skilled insolvency professionals have devoted time and effort to perform properly and expeditiously the required accounting.

23. During the period from July 1, 2009 through December 31, 2009, NCI provided services of a general nature to the Debtors, as set forth below:

| Category | Description | Hours Worked | Amount |
|---|---|---|---|
| Management Decision Support (2000) | Meetings and discussions with Debtor and Debtor professionals to discuss strategy and potential approaches to Settlement. | 0.0 | $0.00 |
| Status Update / Review of Findings and Methodologies (2500) | Update meetings with the Debtor, Debtor's professionals and Counsel to the Creditors' Committee with respect to review and results of financial analyses, including review of financial records and bank statement analyses. | 4.5 | $877.50 |
| Status Update / Review of Findings and Methodologies (3000) | Update meetings with the Debtor, the Debtor's professionals and NCI team members to review and discuss results of financial reviews and analyses, including review of financial records and bank statement analyses; Review of findings and methodologies. | 0.0 | $0.00 |
| Litigation Support (3500) | Maintaining of the Access database in support of litigation; Maintenance and updates to database at the request of Debtors and Debtors' professionals or based on subsequent information; Review and documentation of support for Investor transactions; Generation, review, and distribution of reports to Debtors and Debtors' professionals; Provide support and documentation to Counsel to the Creditors' Committee, as required. | 0.9 | $405.00 |
| Financial Analysis (4000) | Review of financial records including Debtors' records, and brokerage statements | 59.6 | $25,330.00 |

| Category | Description | Hours Worked | Amount |
|---|---|---|---|
| | provided by Spear, Leeds and Kellogg (SLK). Analysis of trading activity in the SLK accounts including gain/loss analysis, review of contributions, redemptions, margin interest and other variables; Analysis of recovery to creditors based on status of current litigation and settled claims. | | |
| Drafting and Review of Documents (5000) | Review of various documents provided by the Debtors, Debtors' professionals and Counsel to the Creditors' Committee, including bank statements, broker statements; Preparation of documentation related to settlement methodology; Review of documents in preparations for meetings with Debtor, Debtor's professionals and Counsel to the Creditors' Committee and information sent to same. | 0.0 | $0.00 |
| Conference (6000) | Communications with Debtor, Debtor professionals, Counsel to the Creditors' Committee and other NCI professionals regarding current developments in the case and reviewing of financial analyses. | 0.0 | $0.00 |
| Prepare and Review of Distributed Materials (7000) | Generation, review, and distribution of reports to Debtors, Debtors' professionals and Counsel to the Creditors' Committee; Quality control of various analyses prepared by Navigant Consulting. | 0.0 | $0.00 |
| | **Total** | **65.0** | **$26,612.50** |

24. NCI's time records are recorded contemporaneously with the rendition of professional services that have been set forth in Exhibit A which contains full and complete detail, a description of the services rendered by each managing director, director, associate director, consultants and staff on a daily basis for the Current Compensation Period. NCI's time records are maintained in one-tenth of an hour (0.1) increments.

25. Each duty and task performed by NCI has been performed by the professional most qualified to render such services at his or her ordinary hourly charges.

26. There is no agreement or understanding between NCI and any other person, other than the members, associates and employees of NCI, for the sharing of compensation received for services rendered in connection with these proceedings.

27. NCI's professionals have delegated authority where appropriate to prevent duplication of effort, to ensure that associates were used whenever possible and to utilize the services of professionals who bill at lower hourly rates as much as possible.

28. Where more than one person attended a meeting, such attendance was not a duplication of effort, but was necessary to adequately represent the interests of the Debtors, and to have the appropriate expertise available.

29. For all of the reasons set forth in this application, NCI respectfully submits that the services it has rendered and the disbursements it has incurred on behalf of the Debtors during this case have been reasonably expended in order to adequately represent and protect the interests of the Debtors in this case. NCI submits further that it has provided such services in an economical and efficient manner. Accordingly, NCI requests that the relief requested in this final application for compensation be granted in all respects.

WHEREFORE, NCI PRAYS that this Court enter its order allowing NCI fees and expenses in the total amount of $26,578.78 (representing $26,612.50 in fees and negative $33.72 (credit balance) in expenses) for the Current Compensation Period and NCI fees and expenses in the total amount of $1,847,261.55 (representing $1,808,945.00 in fees and $38,316.55 in expenses) for the Final Compensation Period.

DATED in Chicago, Illinois this 15th Day of January 2010.

NAVIGANT CONSULTING, INC.

BY: /s/ Neil F. Luria
Telephone: (216) 321-5606
Facsimile: (801) 751-9537

*Financial Advisors for the Debtors
and Debtors-in-Possession*

Sworn and subscribed to before me this 15th day of January 2010.

_____
Notary Public

JACQUELYNN M. KELLY
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 27, 2012